# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Douglas Johnson on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FAIRMONT HOTELS & RESORTS (U.S.), INC. and META FINANCIAL GROUP, INC., a/k/a MetaBank, <br><br> Defendants. | Civil Action No.: <br><br> **<u>Jury Trial Requested</u>** |

# CLASS ACTION COMPLAINT

# INTRODUCTION

1. This action arises out of the Defendants' violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.*. Plaintiff brings this action on behalf of himself and a class of all persons who were charged a transaction fee, which was not posted on the Defendants' automated teller machine ("ATM") (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts, 02109. ATM transaction fees are illegal under the EFTA and Regulation E when notice of such fees is not posted in a prominent and conspicuous location on or at the ATM. Defendants did not have notice of the ATM transaction fee posted in a prominent and conspicuous location on or at its ATM (Terminal LK823326). Plaintiff seeks only statutory damages, costs and attorney fees.

1

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.* Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, and Defendants transact business in this district.

## PARTIES

3. Plaintiff Douglas Johnson (hereinafter "Plaintiff Johnson") is a natural person who resides in the City of Little Canada, County of Ramsey, in the State of Minnesota and he visited Boston, Massachusetts in the summer of 2011.

4. Defendant Fairmont Hotels & Resorts (U.S.), Inc., (hereinafter "Defendant Fairmont") is a foreign corporation organized under the laws of Delaware with a principal address of One Beach Street, Suite 101, San Francisco, California, 94133 and its Registered Agent is C T Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts, 02110.

5. Defendant Fairmont is an ATM operator, as defined in 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), of the ATM (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts.

6. Defendant Meta Financial Group, Inc. (hereinafter "Defendant MetaBank) is the holding company for MetaBank, a federally chartered savings bank. Defendant MetaBank is incorporated in the state of Delaware with a corporate office

headquartered at 121 East Fifth Street, Storm Lake, Iowa, 50588. Defendant MetaBank's Registered Agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. Defendant sells, leases, installs, maintains and operates ATM Machines on a nationwide basis.

7. Defendant MetaBank is an ATM operator, as defined in 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), of the ATM (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts.

## CLASS ACTION FACTUAL ALLEGATIONS

8. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

9. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM (via placard/sticker) that a fee will be imposed and (b) on the ATM screen that a fee will be imposed and the amount of such a fee.

10. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

11. On July 29, 2011, Plaintiff Johnson used Defendants' ATM (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts.

12. On July 29, 2011, Plaintiff Johnson was charged a $2.95 fee to withdraw money from Defendants' ATM (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts.

13. On July 29, 2011, Plaintiff received a receipt from Defendants' ATM which states "Fairmont Battery Wharf, Three Battery Wharf, Boston MA" and "TERMINAL FEE" $2.95.

14. Based on the observations of Plaintiff on July 29, 2011, there was no notice posted on or near Defendants' ATM (Terminal LK823326) that disclosed that users would be charged any fee by Defendants' ATM (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action individually and as a class action for Defendants' violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.*, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> *All persons who were assessed a fee by the ATM (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts, without the presence of a posted warning of the fee on or near the ATM.*

4

16. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff upon information and belief asserts that the Class numbers in the hundreds, if not thousands.

17. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

    a. Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendants were ATM operators at all relevant times during the Class period that imposed a fee on consumers for providing host transfer services to those consumers;

    b. Whether, at all relevant times during the class period, Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c); and

    c. The appropriate measure of damages sustained by Plaintiff and other members of the Class.

18. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

    a. Plaintiff and all putative Class members used an ATM operated by Defendants;

    b. Defendants failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

    c. Defendants illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

19. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel

experienced in handling consumer class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this cause.

20. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

21. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

22. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against the Defendants are small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## **TRIAL BY JURY**

23. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT & REGULATION E

### U.S.C. §1693 *et seq*. & 12 C.F.R. §205.1 *et seq*.

24. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

25. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendants were ATM operators at all times relevant to this action.

26. Defendants were the operators of the ATM (Terminal #LK823326) located at Fairmont Battery Wharf, Three Battery Wharf, Boston, Massachusetts, at all times relevant to this action.

27. Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

28. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendants, therefore, illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in his favor and against Defendants and award the following:

- An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

- An order declaring that Defendants violated the EFTA and Regulation E;

- Statutory damages as set forth in the EFTA and Regulation E;

- Attorneys' fees and costs of suit per 15 U.S.C. § 1693m; and

- Such other relief as this Court deems proper.

Dated this 20th day of July, 2012.  **Douglas Johnson**,
By his attorneys,

/s/ John T. Longo
_____
John T. Longo, Esq. (MA BBO#632387)
**Citadel Consumer Litigation, PC**
681 Smith Street
Providence, RI 02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

**and Pending *Pro Hac Vice* Admission:**


_____
Thomas J. Lyons, Sr., Esq.
**Lyon Law Firm, PA**
Thomas J. Lyons, Sr., Esq.
(MN Attorney I.D. #65699)
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF DOUGLAS JOHNSON

STATE OF MINNESOTA )
                   ) ss
COUNTY OF Ramsey    )

Douglas Johnson, having first been duly sworn and upon oath, depose and states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that the facts set out in this civil Complaint are well stated and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendants, cause unnecessary delay to the Defendants, or create a needless increase in the cost of litigation to the Defendants, named in the Complaint.

5. I file this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Douglas Johnson

Subscribed and sworn to before
me this ___ day of July, 2012.

_____
Notary Public

THOMAS J. LYONS
Notary Public-Minnesota
My Commission Expires Jan 31, 2015